MAUD S. NADEL, Respondent, *v.* HENRY C. FICHTEN, Appellant.

*Negligence — defect in the stairs of a tenement house — constructive knowledge thereof on the part of the landlord — obligation of the landlord to light the halls and stairways.*

Although, in an action brought by a tenant of a tenement house against the landlord to recover for injuries sustained from a fall, occasioned by a defect in the rubber facing on one of the steps of the stairs, which there was evidence tending to show had existed for a week, there is no proof that the landlord had actual notice of such defect, yet, when he testifies that he collected the rents of the premises and, as he lived next door, visited them every day, attending to the repairs, and a janitress employed by him to sweep the stairs and light the lamps testifies that she went up and down the stairs every day, the jury

may properly, despite the denial of both witnesses that the stairs were in a bad condition, find with the plaintiff that the landlord should have known of the defect.

*Semble,* that the landlord of a tenement is not under any legal obligation to light the halls or stairways therein.

APPEAL by the defendant, Henry C. Fichten, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 24th day of June, 1898, upon the verdict of a jury for $850, and also from an order entered in said clerk's office on the 1st day of July, 1898, denying the defendant's motion for a new trial made upon the minutes.

*James W. Ridgway,* for the appellant.

*Herbert S. Worthley,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff was a tenant in a house in the borough of Brooklyn owned by the defendant. The hallway and stairs in this house were used by the several tenants thereof in common. The plaintiff, while on her way from the apartment which she occupied to the lower hall, fell upon the stairs and was injured. She alleged in her complaint that the injuries which she thus sustained were occasioned without any fault or negligence on her part, "but were caused by the negligence of the defendant in failing to properly light said hall and stairs, and in having said stairs covered, or partly covered, with torn or worn oilcloth or other material."

The landlord of a tenement house is not under any legal obligation to light the halls or stairways therein. (*Hilsenbeck* v. *Guhring,* 131 N. Y. 674.) Upon the trial all parties seem to have assumed that this was the law, and there was no suggestion, except in the complaint, that the defendant could be held liable by reason of the insufficient lighting of the place in which the plaintiff lived. The evidence in behalf of the plaintiff tended to show that the fall by which she was hurt was caused by the insecure condition of the rubber facing on the second step from the top of the stairway. According to her testimony she got her foot in under the rubber, and, in the attempt to extricate it, was violently thrown down, so that she fell the whole length of the stairs. At the close of the proof the case resolved itself into two questions: *First,* whether

the stairway actually was in a dangerous condition and that condition caused the plaintiff to fall; and, *secondly*, whether, assuming that the plaintiff's fall was thus occasioned by the unsafe and insecure condition of the rubber on the stairs, that condition had existed for so long a time, and under such circumstances, as to render the landlord chargeable with constructive notice of its existence. He could be held liable only if both these questions were answered in the affirmative. (*Henkel* v. *Murr*, 31 Hun, 28.)

As to the first question, the evidence was conflicting, but that adduced in behalf of the plaintiff was sufficient to sustain a finding in her favor.

As to the second question, there was no evidence that the defendant had actual notice of the defect and the trial judge so instructed the jury. The learned counsel for the appellant contends that there was no evidence from which it can properly be inferred that the landlord ought to have known of the defect if it existed, but I think that the record is adverse to his contention on this point. The plaintiff's brother-in-law swore distinctly and positively that the stairs were in bad condition, the rubber being torn slightly in the middle and loose on the first and second steps from the top; that he was a frequent visitor to the premises and noticed this condition particularly a week before the accident. The defendant testified that he collected the rent of the premises and visited the house every day as he lived next door and attended to the repairing there. The janitress whom he employed stated that it was her duty to sweep the stairs and light the lamps, and that she went up and down every day. Although both these witnesses denied that the rubber on the stairs was in bad condition at the time the plaintiff said she was injured, the jury may have found that the defendant and the janitress, his agent in charge of the premises, were mistaken on this point, and, furthermore, that they visited the hallway and stairs so often that they ought to have known of any dangerous defect which had existed there a week.

I think that there was sufficient evidence to sustain the verdict, and that, in view of the medical testimony, we should not deem it excessive.

I am, therefore, in favor of affirmance.

Judgment and order unanimously affirmed, with costs.