MINNIE ROSENBERG, Appellant, v. ISADORE ROSENBERG, Respondent.—Action to recover for personal injuries sustained by reason of the alleged negligence of the defendant in removing, or permitting to be removed, a door from the front of premises to a place in the aisle of the premises. Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to abide the event. On plaintiff's proof, the jury would have been warranted in finding that the defendant retained in his own possession and exercised dominion and control over both the entrance to the store, including the door as affixed thereto, and the aisle of the store in which the detached door was placed. Daily for a period of a year and a half, according to the proof, the front door was removed and placed in an aisle, leaning against a refrigerator. The obligation was upon defendant to maintain

the reserved portion of the premises in a reasonably safe manner for the purposes for which the remainder was let, and if he knew or should have known, in the exercise of reasonable care, of the practice in question, he was guilty of negligence. (American Law Institute, Restatement of the Law of Torts, § 361; *Bardel* v. *Standard Oil Co.*, 218 App. Div. 145.) It was also his duty to inspect the reserved premises at reasonable intervals to see to it that his obligation in this respect was fulfilled. (*Timlin* v. *S. O. Co.*, 126 N. Y. 514, 523, 524.) The long period of time during which the practice was continued and during which, according to the proof, he was upon the premises, imputes constructive if not actual knowledge. (*Timlin* v. *S. O. Co.*, *supra; Nadel* v. *Fichten*, 34 App. Div. 188; *Tenement House Department* v. *McDevitt*, 215 N. Y. 160.) Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur.