■ GASPARE GELSOMINO, Appellant, v. F. H. McGRAW & Co., INC., et al., Respondents.— Order granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment, and the judgment entered pursuant to said order, unanimously reversed, on the law, defendants' motion denied and plaintiff's motion granted to the extent hereinafter set forth, with $50 costs and disbursements to plaintiff-appellant. The settlement was bottomed on Maiellano's claim that the McGraw company had made contracts with Venezuelan governmental agencies. The agreement with plaintiff clearly embraced the proceeds of such a settlement. Maiellano cannot be heard to say that McGraw should pay him because contracts were made and at the same time that he need not pay plaintiff because contracts were not made. Moreover, the assignment, dated in June, 1962, referred not only to contracts "to be concluded" but also to "contracts already made". The inclusion of the latter words shows that the parties regarded McGraw's agreements with Centro of March 3, 1961, as within the meaning of the term "contracts" as used in the assignment. We understand and hold the amount finally collected by Maiellano to be the aggregate sum payable by McGraw under the settlement agreement ($25,000), after deduction of the provision therein for attorneys' fees and disbursements ($8,920). Accordingly, plaintiff is entitled to 40% of $16,080, with interest. Settle order on notice. Concur — Botein, P. J., Breitel, Stevens and Capozzoli, JJ.

■ MARIE NOZIGLIA et al., Appellants, v. MABEL TOBIASSEN, Respondent. — Judgment dismissing the complaint for failure to establish a prima facie case at the close of plaintiff's case in a personal injuries negligence action unanimously reversed, on the law, and a new trial ordered on the issue of liability, with $50 costs and disbursements to abide the event. Plaintiff-appellant, a 67-year-old housewife, was injured when she fell down the stairway of a two-story, two-family dwelling house. She claims that her fall was caused by a defective stair tread and that her landlord, defendant-respondent, had notice of this condition. The testimony of plaintiff and her witnesses as well as photographs of the stair tread which were introduced at trial, are sufficient to raise a question for the jury as to whether the defect in the stair tread was sufficiently dangerous to impose liability upon the landlord (Nadel v. Fichten, 34 App. Div. 188 [BARTLETT, J.]; Anno; Injury to Tenants — Stairways, 25 ALR 2d 364, 405–418). Furthermore, plaintiff's knowledge of the defect and her attempts to repair the condition do not necessarily defeat her right to recovery in this action, and a jury could find that she exercised reasonable care in view of the known circumstances (see Perrone v. Berzon, 258 App. Div. 916; 34 N. Y. Jur., Landlord and Tenants, § 465). Concur — Botein, P. J., Breitel, Stevens and Capozzoli, JJ.