■ DEBORAH GRAY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [785 NYS2d 125]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 10, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries on December 30, 2000, as a result of a fall which occurred on a stairway at the Atlantic Avenue subway station in Brooklyn.

In support of its motion for summary judgment the defendant

submitted, inter alia, copies of photographs of the stairway steps where the plaintiff claims she fell. The copies are unclear. However, color copies of some of the same photographs of the steps produced by the plaintiff as part of her opposition more clearly depict the steps and appear to show significant wear along the edges of the steps.

Contrary to the defendant's assertion that the alleged defect was too minor or trivial to be actionable, the photographs introduced by the plaintiff depicted a condition that was susceptible of interpretation as showing significant and substantial wear (*see Noziglia v Tobiassen,* 26 AD2d 915 [1966]). According the plaintiff, as the opponent of the motion for summary judgment, every favorable inference from this proof (*see Nicklas v Tedlen Realty Corp.,* 305 AD2d 385 [2003]), it could not be said, as a matter of law, that the alleged defect was too trivial or minor to be actionable (*see Corrado v City of New York,* 6 AD3d 380 [2004]; *George v New York City Tr. Auth.,* 306 AD2d 160 [2003]). Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.