MARY PERRONE, Appellant, v. SAMUEL BERZON, Respondent. JOSEPH PERRONE, Appellant, v. SAMUEL BERZON, Respondent.— Plaintiff wife, a tenant in a six-family apartment house owned by defendant, sues to recover damages for personal injuries sustained when she tripped on a defective and protruding metal nosing on a step of a common stairway. Her husband sues for loss of his wife's services and expenses. The jury rendered verdicts in favor of defendant, and plaintiffs appeal. Judgments of the City Court of Mount Vernon reversed on the law and a new trial ordered, with costs to appellants to abide the event. It was error for the court to charge that if the defective condition of the step was obvious to plaintiff wife when she moved into the apartment she could not recover. (*Hirsch* v. *Radt*, 228 N. Y. 100.) The evidence shows that she frequently complained to the janitor of the defective and dangerous condition. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES CAMPIGLIA, Appellant.— Judgment of the County Court of Suffolk county, convicting the defendant of the crime of robbery in the first degree, as a second offender, and order denying defendant's motion in arrest of judgment and for a new trial unanimously affirmed. While we believe that counsel for the defendant should have been permitted to examine the statements of the witnesses Lamb, Wagner and Griffiths, which had been made to the authorities and which the witnesses had used to refresh their recollection immediately prior to testifying, failure to do so was harmless. The statements were submitted on the argument, and an examination of them discloses nothing inconsistent with the testimony of any of the witnesses given at the trial. (*People* v. *Miller*, 257 N. Y. 54.) Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTTILIE GORDON, Appellant.— Judgment of the County Court of Suffolk county convicting the defendant of the crime of kidnapping reversed on the law and the facts, the indictment dismissed on the law, and the defendant discharged from custody. The proof is sufficient to enable the jury to find that the defendant, in order to procure dismissal of a criminal proceeding against the defendant's partner, instituted by one Mrs. Johnson, a feeble-minded woman, because of her failure to appear and prosecute, took Mrs. Johnson from Suffolk county to the House of Good Shepherd in Brooklyn, New York, ostensibly for the purpose of obtaining care and treatment for Mrs. Johnson. There is no proof that Mrs. Johnson was confined or detained at the institution against her will. The gravamen of the offense of kidnapping is a willful intent to confine or imprison another, without authority of law. (*People* v. *Weiss*, 276 N. Y. 384, 386, 387.) Even though this woman may be found to have been incapable of expressing a desire to leave the institution, that fact is immaterial in the absence of a showing that had she been capable of leaving or had expressed a desire to leave she would have been detained against her will. The questions of intent and detention must be weighed in the light of the particular facts presented in each case. (*People* v. *Camp*, 139 N. Y. 87, 92, 93.) Under the circumstances here presented we are of opinion that a conviction of the crime of kidnapping is not warranted. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.