PAUL F. POWELL et al., Appellants, v. ROBERT S. FOGG et al., Respondents.— Action to recover damages for personal injuries sustained by the infant plaintiff when he was bitten by defendants' dog, and by the infant's father to recover medical expenses. During the trial, the court dismissed two causes of action based on scienter and trespass and submitted the case to the jury on the remaining cause of action based on negligence. Plaintiffs appeal from an order setting aside a verdict in their favor as contrary to law and granting a new trial. Order unanimously affirmed, with costs to abide the event. No opinion. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Murphy, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES CAMPIGLIA, Appellant.— After trial in the County Court, Suffolk County, appellant was convicted of the crime of robbery in the first degree. During the trial he testified that he had been previously convicted of counterfeiting, in a Federal court. No information under section 1943 of the Penal Law was filed. Appellant was sentenced as a second offender under section 1941 of the Penal Law and was given an additional sentence under section 1944 of the Penal Law. The judgment was affirmed by this court and by the Court of Appeals (*People v. Campiglia*, 258 App. Div. 916, affd. 287 N. Y. 723). On the present application appellant seeks to vacate his sentence on the grounds (1) that the crime of which he was convicted in the Federal court would not constitute a felony if committed within this State; and (2) that the failure to proceed in accordance with section 1943 of the Penal Law was a denial of due process. In the County Court the application was denied. Order affirmed. No opinion. Nolan, P. J., Adel, MacCrate, Beldock and Murphy, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PAGANO, Appellant.— Appeal by defendant from a judgment of the County Court of Nassau County, convicting him of larceny in the first degree as a second offender, and from orders denying his application to withdraw his plea of guilty. Judgment reversed on the law and new trial granted, with leave to the defendant to withdraw his plea of guilty and to substitute a plea of not guilty. It is undisputed that the plea of guilty was entered on the assurance by the District Attorney that he would recommend a suspension of sentence. While he may have been led by reason of subsequent information to refuse to make the recommendation, and could not bind the court by his promise, nevertheless in the absence of prejudice to the People, it was an improvident exercise of discretion to deny the application to withdraw the plea and permit the defendant to assert the defense which his attorney stated did exist and which was not presented because of the promise by the District Attorney. No separate appeal lies from orders denying motions to withdraw the plea of guilty, which orders have been reviewed on the appeal from the judgment. Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.