131 N.J. Super. 502 (1974)
330 A.2d 610
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RANDALL NUSS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 10, 1974.
Decided December 19, 1974.
*503 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Edward J. Dimon, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Willard E. Byer, Jr., Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Defendant and a confederate, Daniel Panechelli, were indicted in Camden County and in Mercer County on separate but similar charges of breaking into cars with intent to steal. Defendant entered into a plea bargain with the Camden County Prosecutor to plead guilty to the Camden charge on the prosecutor's promise to recommend he be given a four to six-year State Prison term. The further condition of the plea bargain agreed to was that the Camden sentence would be imposed after the Mercer sentence and would run concurrently with it.
Parenthetically, we note that Panechelli pled guilty to the same charges in both counties, he has served his time and is now on parole.
Defendant was scheduled to be sentenced in Mercer County on June 11, 1971 and in Camden on June 14, 1971. Defendant failed to appear for sentencing in either county  giving the lame and unacceptable excuse that he had been confined on several occasions to hospitals for a heart condition.
He was arrested in Camden in June 1972. Because the Camden County trial judge felt that defendant's failure to appear for sentencing abrogated the original plea bargain, he sentenced him, on his year-old guilty plea, to a State Prison term of four to six years. Thereafter, and contrary to the plea bargain, he was sentenced in Mercer County to a *504 consecutive term of three to eight years, totalling aggregate sentences of seven to fourteen years.
No direct appeal was taken, but defendant's application for post-conviction relief was denied. With commendable frankness, the Attorney General admits that the Camden County trial judge imposed an illegal sentence when he departed from the plea bargain without defendant's consent and imposed the four to six-year term prior to the imposition of the Mercer County sentence. It is our view that this error exists even though defendant did not request a withdrawal of his plea.
Under the circumstances we have no alternative but to set aside the Camden County sentence and direct the trial judge to give defendant the opportunity of withdrawing his guilty plea. See Approved Draft of the American Bar Association Project on Minimum Standards for Criminal Justice, "Standards Relating to Pleas of Guilty," § 3.3(b), and commentary thereon (1968); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Thomas, 61 N.J. 314 (1972). It is the trial judge who, being dissatisfied with a proposed bargain, whatever the reason, must advise defendant of his right to withdraw his guilty plea.
In light of our determination, and the fact that this is an alleged excessive sentence appeal, we need not determine that issue. Jurisdiction is not retained.