310 So.2d 770 (1975)
Marion L. ODOM, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-742, 74-743.
District Court of Appeal of Florida, Second District.
April 9, 1975.
*771 James A. Gardner, Public Defender, Sarasota, and Harold H. Moore, Asst. Public Defender, Bradenton, and Tania Ostapoff, Student Asst., Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant, Marion L. Odom, seeks reversal of judgments and sentences imposed upon him pursuant to his negotiated pleas to charges of breaking and entering a dwelling house with intent to commit a felony. Initially, appellant pled not guilty to the offenses. At the time appellant withdrew his pleas of not guilty and entered his guilty pleas, his counsel informed the court of an agreement with the state by which appellant would change his pleas to guilty for a maximum term of five years imprisonment, sentences to run concurrently. The trial court apparently concurred in the agreement and so advised appellant prior to acceptance of his guilty pleas that "... punishment would be concurrent time, and five years... ."
On June 3, 1974, appellant appeared before the court for sentencing, at which time he received two concurrent fifteen-year terms. On this timely appeal, appellant argues that his cause should be remanded to the trial court for sentencing in accordance with the negotiated terms of his plea bargain.
We agree that the judgments and sentences cannot stand. It is clear from the record that appellant entered his guilty pleas with the understanding that he would receive a maximum of five years. When this agreement was not honored, either through mistake, inadvertence, or subsequent change in the trial court's concurrence with the plea bargain, appellant should have had the opportunity to withdraw his pleas. See RCrP 3.171(c) which states:
... After an agreement on a plea has been reached, the trial judge may, with the consent of the parties, have made known to him the agreement and reasons therefor prior to the acceptance of the plea. The terms of the agreement shall be placed in the record. He shall thereafter advise the parties of whether other factors (unknown at the time) may make his concurrence impossible. Should such other factors make ultimate judicial concurrence impossible, any plea of guilty or nolo contendere entered based upon such agreement may thereafter be withdrawn.
Nonetheless, it should be noted that specific performance of a plea bargain is not available to a defendant in the absence of a clear showing of irrevocable prejudice to the prosecution or the defense. See Davis v. State, Fla. 1975, 308 So.2d 27; Brown v. State, Fla. 1971, 245 So.2d 41; Barker v. State, Fla.App.2d 1972, 259 So.2d 200.
Accordingly, the judgments and sentences are hereby set aside and vacated to give appellant the opportunity to withdraw his guilty pleas. See Kiefer v. State, Fla.App.2d 1974, 295 So.2d 688.
GRIMES and SCHEB, JJ., concur.