341 So.2d 535 (1977)
Kenneth Rodney PRINGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1015.
District Court of Appeal of Florida, Second District.
January 12, 1977.
Rehearing Denied February 2, 1977.
*536 Raymond E. LaPorte, Tampa, and Terry Lee Rogers, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant was charged with receiving a stolen sailboat. Upon appearing for trial, plea negotiations took place in chambers involving appellant's attorney, the assistant state attorney and the judge. The in-chambers proceedings were not reported.
As a result of the conference, appellant entered a nolo contendere plea to the charge. Upon the request of the prosecutor, the court ordered a presentence investigation. The judge then stated in open court:
"... We will have a P.S.I., but, as I told you earlier, counsel, this does sound like a probation case with adjudication withheld.
Mr. Pringle, Mr. Rogers does tell me you are on probation at this time for some sort of crime before.
THE DEFENDANT: Yes, sir.
* * * * * *
THE COURT: If you get in any trouble with the law between now and sentencing in this case, all bets are off. You understand that, don't you?
THE DEFENDANT: Yes, sir."
When the appellant returned for sentencing, he was sentenced to three years imprisonment. The court denied appellant's request to withdraw his plea and entered the judgment and sentence which are now appealed.
The law is clear that when a judge finds that he cannot honor a plea bargain, he must give the defendant an opportunity to withdraw his plea. Odom v. State, 310 So.2d 770 (Fla. 2d DCA 1975); Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974); Enos v. State, 272 So.2d 847 (Fla. 4th DCA 1973). Thus, our court stated in Odom:
"... When this agreement was not honored, either through mistake, inadvertence, or subsequent change in the trial court's concurrence with the plea bargain, appellant should have had the opportunity to withdraw his pleas..."
Apparently, the reason why the judge changed his mind was because he felt that he had been misled concerning the severity of the prior offense that was referred to in the quotation set forth above. To the extent that can be gleaned from the colloquy during arguments on the appellant's right to withdraw his plea, appellant's counsel had advised the court during the plea bargain conference that appellant had one prior marijuana conviction. Between the time of the entry of the plea and the sentencing hearing, another state attorney who was engaged in the investigation of a large marijuana import operation became aware of the pending charge against appellant and sought to obtain appellant's cooperation in his investigation. When appellant declined to cooperate,[1] the judge was then advised that appellant's prior marijuana possession offense was connected with this operation. Understandably miffed, the judge concluded that he had been misled and imposed the three year sentence.
*537 The problem with this is that the plea bargain seemed to call for probation unless appellant got into more trouble or something was brought out in the presentence investigation warranting a more severe penalty. There was no indication that appellant was further involved in crime between the time of the entry of the plea and the time of sentencing, and there was no substantial adverse information in the presentence report beyond what the judge already knew. Cf. Barker v. State, 259 So.2d 200 (Fla. 2d DCA 1972).
Under the peculiar circumstances of this case, the judge had every right to decline to put appellant on probation, but when he did so, he was obligated to permit appellant to withdraw his plea. Accordingly, the judgment and sentence are reversed, and the case is remanded for further proceedings at which appellant shall be permitted to withdraw his plea.
HOBSON, A.C.J., and OTT, J., concur.
NOTES
[1] Indeed, one of the conditions of the bargain for his plea in the original marijuana charge was that he would not be required to testify against others who might have been involved.