**STATE of Iowa, Appellee,**

v.

**Daryl Eugene REED, Appellant.**

**No. 59681.**

Supreme Court of Iowa.

April 20, 1977.

Robert Thompson, Reinbeck, and John W. Ackerman, Cedar Falls, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and R. James Sheerer and Michael W. Buckner, Asst. County Attys., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

Defendant appeals from judgment sentencing him to serve a term of not more than 25 years in the penitentiary following his plea of guilty to the crime of robbery with aggravation committed in violation of § 711.2, The Code. We affirm.

Defendant claims his sentence should be set aside because the trial court abused its discretion in denying his request for permission to withdraw his guilty plea and, as a corollary, that the trial court erred in accepting his plea without first informing him robbery was an included offense of the charge of robbery with aggravation.

Defendant freely admitted he committed robbery. However, he steadfastly contends he did not have a gun at the time the crime was committed. There was other evidence, including the testimony of the victim, that he did.

After extensive questioning by the court, defendant pled guilty to robbery with aggravation, although at all times denying he was armed.

I. Prior to sentencing, defendant asked permission to withdraw his plea. After affording defendant a hearing on the motion, the court refused to allow withdrawal of the plea and sentence was thereafter imposed.

Defendant argues it was an abuse of discretion to deny his request. He alleges the court's ruling was a "violation of the constitution." He does not specify the constitutional right he claims was violated. He also says that his plea was the result of "pressure" because the State refused to accept a plea to robbery.

We have reviewed the whole record and find defendant's plea was voluntarily tendered with a full understanding of the constitutional rights he was waiving by doing so.

A valid guilty plea, once entered, may be withdrawn only with permission of

the trial court. The trial court has considerable discretion in deciding whether to permit or reject the request. *State v. Tillman,* 228 N.W.2d 38, 39 (Iowa 1975); *State v. Weckman,* 180 N.W.2d 434, 436 (Iowa 1970).

 A defendant may enter a valid guilty plea even though asserting innocence of the crime charged. *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162, 171 (1970); *State v. Heinen,* Iowa, 252 N.W.2d 454, opinion filed April 20, 1977; *State v. Schultz,* 245 N.W.2d 316, 317 (Iowa 1976).

Defendant's argument he should have relief because of the State's refusal to accept a lesser plea is without merit. There was substantial evidence defendant used a gun in committing the crime. He denied this. The State had a right, if not a duty, to insist on the greater charge.

We also reject defendant's claim it was error for the trial court not to explain the included offense of robbery without aggravation to him so that he could evaluate his "options." The trial court has no obligation to advise a defendant concerning a crime with which he is *not* charged. Furthermore, the record, including defendant's bitter complaint about the State's refusal to "bust" the charge down to robbery, refutes his present claim of ignorance concerning included offenses.

We have reviewed all the claims asserted by defendant and find them to be groundless. We find no abuse of discretion by the trial court in refusing defendant permission to withdraw his plea.

The judgment is affirmed.

AFFIRMED.

MOORE, C. J., and REES and REYNOLDSON, JJ., concur.

RAWLINGS, J., concurs in the result.