**STATE of Iowa, Appellee,**

v.

**Richard W. SPENCE, Appellant.**

**No. 62416.**

Supreme Court of Iowa.

Aug. 29, 1979.

Robert L. Sikma, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Richard Cleland, Asst. Atty. Gen., and David Gill, Asst. County Atty., for appellee.

Considered by LeGRAND, P. J., and REES, HARRIS, ALLBEE, and McGIVERIN, JJ.

HARRIS, Justice.

Pursuant to plea bargain the defendant entered guilty pleas to the crimes of rape (in violation of section 698.1, The Code 1975), assault with intent to commit rape (in violation of section 698.4, The Code 1975), and kidnaping (in violation of section 706.1, The Code 1975). After sentence he brought this appeal claiming (1) his guilty pleas were unknowing and involuntary, (2) he should have had access to a supplemental presentence investigation report, and (3) the sentence imposed was an abuse of discretion. We affirm the trial court.

The three charges resulted from two incidents. The charges of assault with intent to commit rape and kidnaping arose in connection with a November 30, 1976, incident involving a Sioux City woman. The rape charge arose as the result of a March 26, 1977, incident with another woman.

I. A number of pretrial maneuvers by defendant resulted in adverse rulings before the guilty pleas were entered. On appeal the defendant makes the argument

that we should add another item to the requirements under *State v. Sisco,* 169 N.W.2d 542, 547–48 (Iowa 1969). He suggests that his guilty pleas were unknowing and involuntary because the trial court did not advise him that his pleas would end his right to contest the adverse pretrial rulings.

The defendant received adverse rulings in connection with a challenge to the validity of a search warrant issued on the day the informations were filed, a forfeiture proceeding involving a jacket and sweater allegedly worn by the defendant on the day of the assault, a demurrer which challenged the criminal statutes on the basis of equal protection, the production of exculpatory evidence regarding an unrelated reported rape, and a motion for change of venue. These rulings were entered by an associate district judge, by district court judges, and by this court. *See State v. Spence,* 267 N.W.2d 412 (Iowa 1978) (unreported).

■ Pursuant to the plea bargain defendant entered his guilty pleas on April 17, 1978. He contends that at the time he was unaware that by pleading guilty he would be permitted no further opportunity to contest the pretrial rulings on his prior motions. He points out that the trial court did not inform him that the pleas would preclude any further dispute on the questions.

In *State v. Reaves,* 254 N.W.2d 488 (Iowa 1977), we set up a two-part requirement for preserving claims relating to the adequacy of guilty plea proceedings. We said:

> In any appeal taken after the filing of this opinion an accused challenging the adequacy of his guilty plea proceeding must:
>
> A. first present such claim to the trial court in a motion in arrest of judgment under chapter 788, The Code.
>
> B. hereafter claim to have been unaware, as well as not advised, of the claimed omission.

254 N.W.2d at 493. (Footnote omitted.)

The guilty plea hearing in this case was undertaken after the date of the filing of our opinion in *Reaves.* Prior to accepting the guilty pleas in each of the three cases,

the trial court informed Spence and his attorneys of the *Reaves* requirements.

Although the guilty pleas hearing was held on April 17, 1978, after the effective date of the 1977 Supp., Spence had until 90 days after judgment was entered against him on June 5, 1978, in which to file the motion in arrest of judgment required by *Reaves.* The crimes were alleged to have occurred prior to the effective date of the 1978 criminal code. Under section 801.5(1), The Code 1979, prior law remained in effect. (No request for application of the new Code was made by the defendant or granted by the court under section 801.5(2), The Code 1979.)

We note that because the proceedings in this case were pursuant to The Code 1977, it is distinguishable from *State v. Gardner,* 274 N.W.2d 328 (Iowa 1979). In *Gardner,* 274 N.W.2d at 329, we held the *Reaves* requirements inapplicable to a proceeding under the new criminal code. We also note that, effective July 1, 1979, section 813.2, Iowa R.Crim.P. 23(3)(b) provides:

> The motion [in arrest of judgment] must be made not later than 45 days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment.

Under prior law a motion in arrest of judgment could be made any time within 90 days after judgment. § 788.2, The Code 1977. Under *Reaves* the defendant's failure to move in arrest of judgment forecloses consideration of his challenge to his guilty plea hearing.

■ II. The defendant next contends that the trial court erred in denying him access to a supplemental presentence investigation report. At the beginning of Spence's sentencing hearing on June 2 the trial court said:

> I might say that the Court ordered a presentence investigation in this case which has been received with various supplements. The original presentence investigation is dated April 24, 1978. The

Court has received a presentence investigation and the same has been made available to counsel for the parties. The Court then received additional information under date of May 16, 1978, which has been made available to counsel for both parties. The Court then received additional information dated June 2d, 1978, today's date, which has been made available to counsel for both parties. The Court has also received under the date of April 28, 1978, a special report from the Third Judicial District Department of Correctional Services which the Court has reviewed and has decided should not be made available to counsel for both parties.

The Court will say that the sentences imposed in these matters will be based, however, on the matters which have been made available to counsel for both parties and not upon these additional matters contained in the special report of April 28th.

The supplemental presentence investigation report which was not made available to the parties concerned a rape which occurred on the evening of November 30, 1976. On that same evening the kidnaping and assault occurred which gave rise to the charges to which Spence entered his guilty pleas. The report identified a victim and implicated the defendant. Spence contends he should have been permitted access to the report, even though the trial court said it would not rely on it in imposing sentence.

Under section 789A.5, The Code 1977, it was discretionary with the trial court whether presentence investigation reports would be made available to defendants. A similar provision can now be found at section 901.4, The Code 1979. In *State v. Randall,* 258 N.W.2d 359, 363 (Iowa 1977), we held that, under section 789A.5, The Code 1977, the trial court did not abuse its discretion in refusing to disclose contents of a presentence report. Clearly, in the present case, especially since the information sought was not considered in sentencing, there was no abuse of discretion.

III. Before receiving the defendant's guilty plea the trial court was advised of the plea bargain. The plea bargain provided that, in exchange for Spence's guilty pleas, the State would recommend a 30-year sentence for the rape charge, 20 years for the assault with intent to commit rape charge, and five years for the kidnaping charge. The State would also recommend the sentences be served concurrently, and would dismiss three other charges against Spence. The trial court made it clear at the time and before receiving Spence's guilty pleas that it reserved to itself the right to exercise its discretion in the matter of sentencing. Defendant was told of this before his pleas were entered.

One sentence imposed was at variance with the plea bargain recommendations in that Spence was sentenced for life, rather than for 30 years, on the rape charge. On appeal Spence contends this was an abuse of discretion. In imposing sentence the trial court made the following record:

THE COURT: The Court in matters of this kind must consider the goals of the sentencing process in criminal cases, the objectives of punishment and rehabilitation, the deterrence and incapacitation. These matters occasionally come into conflict, and certainly not each of the goals of the sentencing process always will be served completely and fully, but society does have a right to expect that its laws will be upheld.

Defendant should be punished for grievous breaches of the law. Defendant should be afforded an opportunity for rehabilitation that the same is humanly possible. Sentences should be such as tend to deter the defendant and others from the commission of like offenses. Dangerous offenders should be incapacitated by imprisonment so the community may be protected.

The Court has considered these goals of the sentencing process in thinking about an appropriate sentence in each of these three cases. I have studied the various portions of the presentence investigation with careful attention. I have read the presentence investigation at least a half a

dozen times, and I have been considering the sentence to be imposed for a number of weeks, although, as I advised counsel, I did not wish to come to a final conclusion as to sentencing until I had an opportunity to have the benefit of the proceedings this afternoon.

The presentence investigation, I may say, is the worst which I have ever reviewed as a judge or an attorney. The Court has considered the nature and circumstances of the offenses involved in these three cases.

The rape case. The offense was committed through the use of overwhelming physical force and threat of death.

And the assault and the kidnaping cases. The offenses were committed through the use of a knife, a dangerous weapon, the infliction of stab wounds and the threat of death. The victims in these cases suffered horribly. Nothing which the defendant now says or which this Court now does can ever make that situation right again. And I include among the victims of these particular matters Mr. Spence's family, because I have reason to know that they have suffered horribly as well, and I have great compassion for his family and I have great compassion for you, Mr. Spence. I wish that it had not happened. And certainly your family is numbered among the innocent victims of these terrible matters.

As stated in *State v. Luedtke,* 279 N.W.2d 7, 8 (Iowa 1979):

This court has consistently recognized that trial courts are in a superior position to assess the situation and determine the appropriate sentence. From this recognition has emerged the principle that where the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown. That standard of review was articulated in the early case of *State v. Fairweather,* 195 Iowa 437, 439, 192 N.W. 266, 266 (1923) and has been adhered to consistently by this court. *See e. g., State v. Moreland,* 252 N.W.2d 465, 466 (Iowa 1977).

In *State v. Nelson,* 279 N.W.2d 1, 3 (Iowa 1979), we said: "We have said that a sentence within the statutory limits will be set aside only for an abuse of discretion. [Authorities.]"

It is apparent that, although they were inapplicable in the present case (because proceedings were conducted under The Code 1977), the trial court followed the guidelines specified in section 901.5, The Code 1979. We find no abuse of discretion.

As all of the defendant's assignments are without merit, the judgment of the trial court is affirmed.

AFFIRMED.