STATE of Iowa, Appellee,

v.

William WEIG, Appellant.

No. 61843.

Supreme Court of Iowa.

Nov. 14, 1979.

Eldon J. Winkel, of Winkel, Nitchals & Winkel, Algona, for appellant.

Thomas J. Miller, Atty. Gen., Jeanine Freeman and Thomas D. McGrane, Asst. Attys. Gen., Joseph J. Straub, Kossuth County Atty., and James A. McGlynn, Asst. Kossuth County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK, and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

The key issue in this appeal is whether trial court was right in overruling defendant's motion to withdraw his guilty plea after the prosecution had broken its plea bargain agreement. We hold the motion should have been granted and therefore reverse and remand for further proceedings.

October 12, 1977, an information was filed in Kossuth County charging defendant with breaking and entering, a violation of section 708.8, The Code 1977. The charge was based on an August 28, 1977, incident in which three men were alleged to have gained access to a store and removed a Styrofoam cooler, a case of beer, and a carton of cigarettes. At his arraignment on October 31 defendant pled not guilty.

January 16, 1978, defendant again appeared in court. On the basis of a plea bargain he offered a plea of guilty. In the course of an examination carefully designed to accord defendant all of his statutory and constitutional rights, trial court made inquiry as to any plea bargain:

THE COURT: . . . Mr. McGlynn [assistant county attorney], can you outline your understanding of any plea bargaining?

MR. McGLYNN: Yes, Your Honor. Unless there is a felony which the State is not aware of, a prior felony conviction, that should be disclosed by the presentence investigation, it would be the State's recommendation that the defend-

ant be placed on probation, that is, that he be sentenced to a term at the Men's Reformatory but that the sentence be suspended on his good behavior.

Through additional questions directed to defendant and his counsel, the court ascertained this statement was in accord with their understanding of the agreement. The court then explained to defendant that it was not bound by the prosecution's recommendations and could impose the maximum sentence. When defendant acknowledged he understood this and still wished to plead guilty, the court accepted his plea.

At the March 6 sentencing hearing, reference was made to the presentence report which recommended incarceration because of defendant's "recent involvements with the law." The assistant county attorney stated the State wished "to back away from our earlier indication that we would recommend probation. . . . I realize this is a reversal of what we previously indicated we would do, but . . . we were not aware of these other facts . . . ."

The State noted defendant had been charged in Winnebago County with an alleged breaking and entering offense on December 30, 1977. In addition, he had been charged with assault and with criminal trespass based upon alleged incidents occurring in Winnebago County in February 1978.

Defendant immediately claimed a breach of the plea bargain and moved to withdraw his guilty plea. In the alternative, he moved to have sentencing held in abeyance until the Winnebago County prosecutions were concluded. Trial court denied these motions, stating that defendant was aware the court was not bound by any bargain and that the State had made "some explanation" of the variance from its earlier position.

At a continuation of the hearing, the State submitted testimony relating to defendant's alleged involvement in the Winnebago County incidents. Defendant testified the State's withdrawal of its probation recommendation was the basis for his attempt to withdraw his guilty plea.

In sentencing defendant to imprisonment in the Men's Reformatory at Anamosa for a period not to exceed ten years the court gave "considerable weight" to the presentence report recommendation of incarceration, joined in by the State, as well as evidence of defendant's drinking problem and the potential for rehabilitation.

On appeal defendant asserts that (1) when the State changed its recommendation following his guilty plea he should have been allowed to withdraw his plea or, in the alternative, granted a delay until the Winnebago County charges were resolved; (2) trial court relied on inaccurate and misleading information in the presentence investigation report, thereby denying defendant due process; and (3) the sentence imposed was excessive and an abuse of discretion. The first issue is dispositive.

I. At the threshold we note defendant's arguments in part are posited on the procedure found in Iowa R.Crim.P. 9. (*See* Iowa R.Crim.P. 9, *as amended by* 1979 Session, 68th G.A., ch. 174.) However, those procedures do not apply to offenses committed before January 1, 1978, except upon defendant's request and the court's approval. §§ 801.5(1), .5(2)(b), Supplement to the Code 1977; *see State v. Spence*, 282 N.W.2d 131, 132 (Iowa 1979); *State v. Bousman*, 278 N.W.2d 15, 16–17 (Iowa 1979). There is nothing in this record to show defendant made such a request, or mentioned the provisions of rule 9 to the court at any point in the procedure. We therefore examine these circumstances in light of the prior law and leave interpretation of rule 9 for a case in which it is applicable.

The seminal case involving a prosecution-broken plea bargain is *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The Court there held:

[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

The above quotation was cited with approval in *State v. Edwards*, 279 N.W.2d 9,

11 (Iowa 1979). In *Edwards* this court adopted the rule that "[t]he State may withdraw from a plea bargain at any time prior to, but not after, actual entry of the guilty plea by defendant or other action by defendant constituting detrimental reliance upon the arrangement." *Id.* (citing cases). *See also State v. Kuchenreuther*, 218 N.W.2d 621 (Iowa 1974), where this court reversed a conviction because the charge was brought in violation of a written plea bargain arrangement.

In *State v. Runge*, 228 N.W.2d 35, 37 (Iowa 1975), we stated, as one ground for our decision to reverse and permit defendant to withdraw his guilty plea, that:

> [The] county attorney's promised recommendation, on which defendant relied, was never made. In other words the bargain was not kept. See *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 [, 433] (1971).

*See also State v. Townsend*, 238 N.W.2d 351, 356 (Iowa 1976) ("In *Runge* . . . sentence recommendations promised by the State were never made on the record. The bargain was not kept. Here the record discloses the agreement was performed by the State and ultimately considered by the court.").

We judicially note that accused persons bargain for sentencing recommendations from the State because such recommendations may, and frequently do, influence trial court in fixing sentence. In *State v. Fisher*, 223 N.W.2d 243, 245 (Iowa 1974), we approvingly quoted the following from *White v. Gaffney*, 435 F.2d 1241, 1244 (10th Cir. 1970):

> It is difficult to perceive of a more effective influence on a decision whether or not to plead guilty to a criminal offense than an agreement with a prosecuting officer relative to his recommendation as to a sentence.

In *Fisher*, 223 N.W.2d at 244, we observed that "[a]lthough the county attorney's agreement could not be binding on the court it still remains . . . a factor which, at least in material part, induced the guilty plea."

■ In this case the plea bargain was not conditioned upon trial court's concurrence in the prosecution's recommendation, a distinction we carefully drew in *Townsend*, 238 N.W.2d at 357. Defendant pled guilty in exchange for the prosecution's promise to recommend probation. Thus trial court's warning it was not *bound* by the agreement did not nullify the bargain nor furnish a ground for the State's subsequent breach of its promise. At no point prior to submitting the guilty plea was this defendant cautioned that trial court would not *consider* the State's recommendation.

This is not a case of an accused failing to keep his or her half of the bargain. *Cf. United States v. Boulier*, 359 F.Supp. 165, 169 (E.D.N.Y.1972), *aff'd sub nom. United States v. Nathan*, 476 F.2d 456 (2d Cir.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 171, 38 L.Ed.2d 56 (1973) (noncompliance by defendant with bargain). It is not a situation in which the State held to its bargain and defendant, after trial court failed to follow the recommendation, asserted trial court should have advised him of its contemplated disposition and allowed him to withdraw the plea, a proposition we rejected in *State v. Parrish*, 232 N.W.2d 511, 515 (Iowa 1975).

Nor is the question here whether defendant's alleged unknown violation before the bargain was made, and his alleged violations following it, constituted a sufficient change of circumstances to justify the prosecution's repudiation of its obligation under the agreement. The issue is whether, absent a breach of the express terms of the bargain by the accused, a defendant must be allowed to withdraw his or her guilty plea when the State reneges on its bargain, assuming there is justification for that action. Decisions from other jurisdictions indicate defendant should be accorded this right. *People v. Delles*, 69 Cal.2d 906, 73 Cal.Rptr. 389, 447 P.2d 629 (1968); *Pringle v. State*, 341 So.2d 535 (Fla.Dist.Ct.App. 1977); *Snowden v. State*, 33 Md.App. 659, 365 A.2d 321 (1976); *State v. Wolske*, 280 Minn. 465, 160 N.W.2d 146 (1968); *State v. Nuss*, 131 N.J.Super. 502, 330 A.2d 610 (App.Div.1974); *People v. Pagano*, 283 A.D.

1075, 131 N.Y.S.2d 167 (1954). *See ABA Standards Relating to Pleas of Guilty* § 2.1(a)(ii)(4), at 3–4, and Commentary, at 57 (1968).

Relevant also is the following from *ABA Standards Relating to the Prosecution Function and the Defense Function* § 4.3(c), at 109–10 (1971):

> If the prosecutor finds he is unable to fulfill an understanding previously agreed upon in plea discussions, he should give notice promptly to the defendant and cooperate in securing leave of the court for the defendant to withdraw any plea and take other steps appropriate to restore the defendant to the position he was in before the understanding was reached or plea made.
>
> *Commentary*
>
> . . . The prosecutor may find himself unable to fulfill an agreement previously made, either because the agreement exceeded the power of the prosecutor who made it or because new facts show that it was inappropriate. See *People v. Pagano*, 283 App.Div. 1075, 131 N.Y.S.2d 167 (1954). When these circumstances arise and the prosecutor is not able to fulfill the agreement, he must take steps to see that his action does not prejudice the defendant. He should notify the defendant promptly and cooperate in seeking a withdrawal of a guilty plea and restoring the defendant to his position prior to the making of any plea.

We relied on standard 4.3(c) in *Fisher*, 223 N.W.2d at 245.

■ In the case before us the assistant county attorney did not actively resist the motion to withdraw the plea, but neither did he cooperate in securing leave of court to place defendant in status quo ante. It was the prosecution's position that during the interval between plea and sentencing defendant should have conducted himself as though he were already on probation, and as he allegedly failed to do so, the court could properly impose sentence of incarceration on his guilty plea. This was a condition the State might have imposed upon its

obligation to make the bargained-for recommendation, but it did not do so.

> [I]f a prosecutor makes a promise based on a mistaken perception of the circumstances, and the defendant pleads guilty, the prosecutor cannot avoid his obligation simply by showing that the promise was made in "good faith." Rather, as part of the obligation to assist the defendant in making a meaningful decision, the prosecutor has a constitutional obligation . . . to anticipate future contingencies before making such solemn representations.

P. Westen & D. Westin, *A Constitutional Law of Remedies for Broken Plea Bargains*, 66 Calif.L.Rev. 471, 509 (1978) (footnotes omitted).

Under the above authorities, we hold trial court erred in overruling defendant's motion to withdraw his guilty plea. The case is remanded for further proceedings in conformance with this opinion.

II. We must assume defendant will renew his motion to withdraw his guilty plea and will stand trial. If he is convicted the remaining matters he objects to may not recur on resentencing, assuming arguendo there is any merit in his complaints. We therefore do not reach the other issues defendant raises.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

All Justices concur except McGIVERIN, J., who dissents.

McGIVERIN, Justice (dissenting).

Being unable to agree with the result reached by the majority, I respectfully dissent.

On January 16, 1978, at the taking of the guilty plea, and after the court was advised of the plea bargain and the State's conditional recommendation as to sentence, the following record appears:

> THE COURT: . . . [D]o you know and do you understand that the Court may impose upon you the maximum sentence?—in other words, the Court does not have to follow the recom-

mendations of the County Attorney or any bargaining made between you and your attorney and the County Attorney? A. [Weig] Yes.

THE COURT: And have there been any promises or threats made to you that caused you to plead guilty? A. [Weig] No.

THE COURT: Do you still wish to plead guilty? A. [Weig] Yes.

Because Weig knew the court did not have to follow the plea bargain or the State's recommendation as to sentence, and yet he persisted in pleading guilty, it should not matter whether the State later changed its recommendation. Weig was not misled when he knew the court was not bound to follow any recommendations made to it and that the court would exercise its discretion under the law as to the sentence to be imposed.

The Kossuth county attorney was not made aware of the alleged breaking and entering offense of December 30, 1977, by defendant in Winnebago County when the plea bargain was made on January 16, 1978. That charge and the additional charges against defendant in February 1978, which were revealed in the presentence report, provided adequate reason based on defendant's alleged conduct for the prosecutor not to proceed with his initial conditional recommendation.

At a sentencing hearing after the other charges had been revealed and the State's recommendation changed, the court stated:

THE COURT: The Court when accepting the plea accepted it on the basis that the defendant was aware that the Court was not bound by any bargain or agreement.

We stated in State v. Parrish, 232 N.W.2d 511, 515 (Iowa 1975):

Our holdings . . . do not render all guilty pleas tentative and subject to withdrawal as a matter of defendant's right where there has been a plea bargain. The court is not bound to allow withdrawal of the plea where each of the following conditions is met: (1) the court renounces participation in the bargain, (2)

denies any inclination to be bound thereby, (3) such renunciation and denial are made known to the defendant; and (4) the defendant thereafter enters or (as in this case) affirms his plea of guilty. All four conditions are established in the record before us.

This language applies to the record here. The trial court has considerable discretion in deciding whether to permit or reject a request to withdraw a guilty plea. State v. Reed, 252 N.W.2d 455, 457 (Iowa 1977).

Accordingly, I do not believe the trial court abused its discretion in refusing to allow defendant to withdraw his guilty plea.

I would affirm as to that issue.