PER CURIAM.
This is an appeal from the summary denial of a motion for post-conviction relief.
According to the motion, on June 6, 1979, the court sentenced appellant to eighteen months in prison followed by three and one half years on probation. Appellant later moved to correct the sentence contending that he had pled nolo contendere pursuant to a plea bargain under which he was only supposed to serve one year in prison. The court responded by entering an order, dated July 21, 1980, reducing the incarceration to one year, followed by four years probation. Subsequently, appellant filed the motion under consideration here asserting once again that his sentence violated the plea bargain. The court denied this motion without a hearing, noting that it was “res judicata by relief granted 21 July 80.”
The order of July 21, 1980, brought the term of incarceration into line with the alleged plea bargain, but it did not address appellant’s contention with respect to the probationary period extending beyond his incarceration. Hence, it was not res judicata on the probation issue. We therefore reverse the present order and direct the court to hold an evidentiary hearing to determine the exact nature of the plea bargain and whether the sentence is consistent with that bargain. While under ordinary circumstances a plea bargain is not specifically enforceable, it is now too late to merely offer appellant the right to withdraw his plea. Cf. Odom v. State, 310 So.2d 770 (Fla.2d DCA 1975), wherein the court held that specific performance of a plea bargain is not available in the absence of a showing of irrevocable prejudice to the defendant. Therefore, if the court determines that the bargain did not contemplate a probationary period, it should simply vacate the probation requirement.
GRIMES, A. C. J., and OTT and RYDER, JJ., concur.