**STATE of Iowa, Plaintiff-Appellee,**

v.

**Arthur GREEN, Defendant-Appellant.**

**No. 65594.**

Court of Appeals of Iowa.

Nov. 24, 1981.

Jorge Gomez, Jr., of Gomez, Feuerbach, May & Pries, Davenport, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Michael Jordan, Asst. Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, CARTER, SNELL, and JOHNSON, JJ.

PER CURIAM.

Defendant appeals from his conviction and sentence, following a plea of guilty for carrying weapons in violation of section 724.4, The Code 1979, and possession of a controlled substance in violation of section 204.401(3), The Code 1979.

Defendant, Arthur Green, appeals, claiming: (a) the State breached its plea bargain promise not to make a sentencing recommendation, (b) the court abused its discretion in denying probation and imposing a jail sentence; and (c) the trial court failed to state on the record the reasons for selecting the sentence imposed in violation of Iowa Rule Criminal Procedure 22(3)(d).

I. Defendant claims the State violated its obligation, pursuant to plea negotiations, to refrain from recommending sentence to the trial court.

Defendant relies upon the following statement, made by the county attorney at the defendant's sentencing, to establish the alleged breach of the prosecutor's obligation "We would make no recommendation to the Court that the sentence be imposed. But we would point out that the bottom line of the penal institution is not always rehabilitation. The ends of justice, straight pun-

ishment is a factor to be considered by the Court also."

The prosecutor's statement was made in response to an extensive argument against incarceration made by the defense counsel.

The defendant did not object to the prosecutor's statement at the sentencing hearing. Although we do not decide the question, if there was a violation of the plea agreement made by the prosecutor, the defendant should have objected to it at the time, and asked for an opportunity to withdraw his plea. The defendant failed to give the trial court the opportunity to rule on the issue. His failure to object constitutes waiver of the issue, and he cannot raise it for the first time on appeal. *See State v. Weig*, 285 N.W.2d 19, 20 (Iowa).

The defendant argues that the trial judge erred by refusing to grant the defendant probation, and by not stating his reasons for the sentence imposed. We will not disturb the sentence rendered by the trial court when the sentence is within the statutory maximum and no abuse of discretion is shown. *State v. Moreland*, 252 N.W.2d 465, 466 (Iowa 1977). Further, the trial judge on the record stated sufficient reasons for his sentence.

AFFIRMED.

SNELL, Justice (concurring specially).

I believe the prosecutor breached his agreement with defendant not to make a sentencing recommendation when he verbalized his idea of factors to be considered. The agreement that secures a guilty plea should be scrupulously honored. Where it is not, through guile, or, as here, due to an outburst of combative spirit from the prosecutor, the plea should be set aside. However, fault must be promptly exposed, and here it was not.