STATE of Iowa, Appellee,

v.

Franklin Robert BELIEU, Appellant.

No. 65860.

Supreme Court of Iowa.

Jan. 20, 1982.

Thomas R. Isaac, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., Dan Johnston, Polk County Atty., and D. William Thomas, Asst. Polk County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Franklin Robert Belieu appeals from his convictions on two counts of robbery in the first degree, sections 711.1 and 711.2, The Code. The facts of these crimes are not relevant to this appeal.

In *State v. Belieu*, 288 N.W.2d 895 (Iowa 1980), we reversed defendant's former convictions for these charges. Procedendo issued from this court March 18, 1980. Trial was set for May 5, 1980, but on May 1, 1980, defendant pleaded guilty to one count of robbery in the first degree. Sentencing, originally scheduled for June 5, 1980, was continued to July 16, 1980. On the latter date, defendant filed a "Motion for Leave to Withdraw Plea of Guilty & Motion in Arrest of Judgment." Trial court, Judge Missildine, sustained this motion and set trial for September 22, 1980.

On September 16, 1980, defendant filed a motion to dismiss claiming he had been denied a speedy trial under Iowa Rule of Criminal Procedure 27(2)(b) because he was not tried within ninety days of our procedendo. September 18, 1980, defendant amended this motion, alleging Judge Missil-

dine's order vitiating the plea of guilty was a motion in arrest of judgment and rules 23(3)(d) and 27(2)(a) required dismissal because no new trial information was filed within forty-five days of the order. Trial court, Judge Fenton, overruled the motion to dismiss. Following jury trial, defendant was convicted. In this appeal defendant asserts trial court erred in overruling his motion to dismiss. We affirm.

■ I. Defendant first contends Judge Missildine's July 16, 1980, order was one sustaining a motion in arrest of judgment and, therefore, the State was required to file a new trial information within forty-five days. We reject this argument because it fights the language of the motion, the order, and our rules of criminal procedure.

The disputed motion was captioned "Motion for Leave to Withdraw Plea of Guilty & Motion in Arrest of Judgment." The text of the motion offered support for "this Motion to Withdraw his [defendant's] former plea of guilty." The motion prayed for an order arresting judgment. Because a motion to withdraw a guilty plea and motion in arrest of judgment are different motions, defendant's motion was an application for alternative relief. *See State v. Weig*, 285 N.W.2d 19 (Iowa 1979) (motion to withdraw guilty plea); Iowa R.Crim.P. 8(2)(a), 23(3).

Judge Missildine's order clearly was sustaining defendant's motion to withdraw his guilty plea. Trial court stated:

The Defendant has filed *Motion for Leave to Withdraw Plea of Guilty* and the Court finds that such Motion is sustained.

(Emphasis added.)

Procedural defects in plea proceedings can only be raised in a motion in arrest of judgment. Iowa R.Crim.P. 8(2)(d). This motion must be made not later than forty-five days after the plea of guilty and not less than five days before the date for pronouncing judgment. *Id.* 23(3)(b). Defendant's motion was made more than forty-five days after his guilty plea, on the date set for judgment. Therefore, trial court could

not have sustained a motion in arrest of judgment. *See id.* 23(3)(b).

Because trial court sustained defendant's motion to withdraw a guilty plea, Iowa Rule of Criminal Procedure 8 controls this case. Subsection 8(2)(a) provides that when a guilty plea is withdrawn "a not guilty plea [is] substituted." When defendant's guilty plea was withdrawn on July 16, 1980, a not guilty plea was entered. Rule 18(1)(a) requires that criminal cases be set for trial upon entry of a plea of not guilty. Judge Missildine did so in his order. Assuming without deciding that the new trial information provisions of rule 23 would be applicable in a situation like this, we find no merit in defendant's contention because his motion in arrest of judgment was not filed timely and was not granted by trial court.

 We may affirm trial court without accepting its reasoning. *State v. Harlan,* 301 N.W.2d 717, 720 (Iowa 1981); *State v. McCowen,* 297 N.W.2d 226, 227 (Iowa 1980). Accordingly, denial of this division of defendant's motion to dismiss is affirmed, even though trial court offered another rationale.

II. Defendant also contends he was denied a speedy trial because he was not tried within ninety days of our issuing the procedendo after his first appeal. *See State v. Hamilton,* 309 N.W.2d 471, 475 (Iowa 1981); *State v. Zaehringer,* 306 N.W.2d 792, 794–95 (Iowa 1981); *State v. Lybarger,* 263 N.W.2d 545, 546 (Iowa 1978). Defendant has not raised constitutional issues.

One hundred eighty-eight days elapsed from our procedendo to defendant's second trial. Defendant asserts his May 1, 1980, guilty plea should not be considered while evaluating the delay between procedendo and trial. He maintains that "on May 1, 1980, he [defendant] went into the courtroom and spoke some words which were later determined not to be a plea of guilty." We do not reach the issue of what impact a defective guilty plea would have on the speedy trial requirements, however, because defendant cannot now challenge the plea proceedings without having made a timely motion in arrest of judgment. Iowa R.Crim.P. 8(2)(d), 23(3)(b).

Trial originally was scheduled within ninety days of our remand. Before trial commenced, defendant pleaded guilty, thereby waiving his right to a trial. *Id.* 8(2)(b)(4). Of course, his right to a speedy trial derivatively was waived also. Both parties undoubtedly stopped preparing for trial. Seventy-six days later defendant withdrew his guilty plea. On the same day, July 16, 1980, trial was reset for September 22, 1980. Trial commenced on that date, which was sixty-eight days after withdrawal of the guilty plea. This period is well within our speedy trial rules, and defendant was not denied his rule 27 rights. *See Hamilton,* 309 N.W.2d at 475–76. Therefore, trial court is affirmed.

AFFIRMED.