**Richard SPENCE, Appellant,**

v.

**Crispus C. NIX, Warden, Iowa State Penitentiary, Appellee.**

**No. 90–2831.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1991.

Decided Sept. 24, 1991.

Alfredo Parrish, Des Moines, Iowa, for appellant.

Thomas D. McGrane, argued (Bonnie J. Campbell and Thomas D. McGrane, on the brief), Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

Richard Spence appeals the district court's denial of his petition for a writ of habeas corpus concerning his life sentence on state convictions for rape, assault with intent to commit rape, and kidnapping. Spence claims his guilty pleas were involuntary and unknowing due to his attorney's assurance that he would receive no more than a thirty-year sentence. He asserts the ineffectiveness of his appellate counsel as cause for his procedural default. We affirm.

*Facts*

In 1977, Spence was charged in an Iowa state court with rape, assault with intent to commit rape, kidnapping, sodomy, malicious use of a telephone, and harassment. He made a plea bargain in which he pled guilty to the first three counts in return for the prosecution dropping the other charges and recommending concurrent sentences not to exceed thirty years. Spence claims his attorney assured him that the court would not impose a longer sentence, and told him that if a stiffer sentence were imposed, Spence could withdraw his plea. Prior to sentencing the trial judge twice asked Spence if he understood that the court was not bound to impose the recommended sentence. Spence told the court he understood, but asserts that his attorney told him to go along with whatever the court said or else the plea bargain would go "right out the window." Nonetheless, Spence claims he asked to withdraw his plea on numerous occasions prior to sentencing and sent a letter to the trial judge requesting that his plea be set aside.

It is unclear whether the trial judge ever received Spence's letter, which he entrusted to delivery by a jail guard. Nonetheless, when Spence appeared in court for sentencing the judge did not acknowledge the letter and Spence reaffirmed his acceptance of the plea bargain. After the trial court imposed a life sentence, Spence's appellate attorney filed a notice of appeal without first filing a motion to arrest judgment to challenge the guilty plea. Under Iowa law, failure to file a motion to arrest judgment precludes consideration of the voluntariness of the guilty plea. *State v. Reaves*, 254 N.W.2d 488, 493 (Iowa 1977). Thus, Spence's direct appeal on the voluntariness of his guilty plea was held procedurally barred. *State v. Spence*, 282 N.W.2d 131 (Iowa 1979). State post-conviction relief similarly was denied. *Spence v. Scurr*, (Iowa Ct.App.1986) [388 N.W.2d 677]. Although Spence claimed ineffectiveness of his appellate counsel as cause for failing to file the motion to arrest judgment, the state post-conviction court found that counsel made a tactical decision to focus on the proportionality of the sentence and not the voluntariness of the plea bargain.

Spence then filed a habeas petition in the federal district court, alleging involuntariness of his guilty plea and ineffectiveness of counsel. The court held that Spence's procedural default was excused by ineffectiveness of counsel in failing to file the motion to arrest judgment. Thus "cause" was established under procedural default rules. The court found Spence's counsel ineffective for failing to file the motion for arrest of judgment, but deemed this omission harmless in light of his finding that Spence's guilty pleas were voluntary and trial counsel was not ineffective. The district court credited Spence's statements before the trial court that he understood the nature of his plea.

Upon review of the briefs and argument in this case we affirm the district court. Although petitioner's counsel was found deficient in not filing the motion in arrest of judgment, nevertheless Spence cannot show the required prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Assuming petitioner's counsel had preserved Spence's right to appeal, the record makes clear that Spence would not have succeeded on the merits. The district court considered the evidence and chose to credit Spence's statements in open court in which he acknowledged that the recommended sentence was not binding on the court. The district court also credited counsel's statement at the state post-conviction hearing that he had told Spence that the sentence would be up to the judge. The record also reflects that Spence's counsel testified that Spence never asked him to withdraw his guilty plea. The state post-conviction court found that Spence's assertions to the contrary were not supported by the record. This finding is entitled to presumptive validity and cannot be set aside when fairly supported by the record. *See Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

The judgment denying habeas corpus re-

lief is AFFIRMED.[1]

---

1. We reject Spence's claim that the district court improperly denied him an evidentiary hearing. The court allowed Spence to make an offer of proof, which Spence concedes was "primarily the letter to the [trial] judge." *Appellant's Brief* at 1. The court did not formally admit the evidence obtained at the hearing, but it did address the primary evidence (the letter to the trial judge) in its opinion. Even if it did not admit the evidence the court was within its discretion. A district court "is not required to conduct an evidentiary hearing on allegations which amount [ ] to no more than a bare contradiction of statements petitioner made when she [or he] pled guilty." *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir.1988) (citation omitted), *cert. denied*, 489 U.S. 1091, 109 S.Ct. 1561, 103 L.Ed.2d 863 (1989). Such was the nature of Spence's proffered evidence.