# IN THE COURT OF APPEALS OF IOWA

No. 18-1438
Filed November 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICHOLAS ANDREWS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Bethany J. Currie (guilty plea) and Kurt L. Wilke (sentencing), Judges.

A defendant appeals his conviction and sentence for illegally possessing a firearm as a domestic-abuse offender. **AFFIRMED.**

Agnes G. Warutere, Clive, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge.**

Nicholas Andrews claims the State breached its plea agreement with him and his attorney should have objected. The State charged Andrews with illegal possession of a firearm and driving while barred. Under their bargain, Andrews agreed to plead guilty to firearm possession, and the State agreed to recommend probation and to dismiss the other count.

The court held a hearing to accept Andrews's plea and granted him pretrial release. But before sentencing, Andrews was charged with committing additional crimes. At sentencing, the State recommended Andrews reside at a community corrections facility. The district court imposed an indeterminate five-year prison term. On appeal, the State denies any breach, claiming it reached an amended plea agreement with Andrews after he picked up the new charges. Because we cannot tell from this record if Andrews received effective assistance of counsel, we preserve his claim for possible postconviction-relief proceedings.

This case started as a traffic stop. A Fort Dodge police officer pulled Andrews over, reasonably suspecting he was driving while his license was barred. During the investigation, the officer found a loaded .22 caliber revolver inside the car. Andrews admitted possessing the firearm despite having a prior conviction for assaulting his ex-wife. On appeal, Andrews challenges the performance of his trial counsel in addressing these and later charges.

"We review de novo claims of ineffective assistance of counsel arising from the failure to object to the alleged breach of a plea agreement." *State v. Macke*, 933 N.W.2d 226, 230 (Iowa 2019) (quoting *State v. Lopez*, 872 N.W.2d 159, 168 (Iowa 2015)). We hold prosecutors to the letter and spirit of their plea agreements

because fundamental rights are at stake for the defendants. *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). If the State's sentencing recommendation breached the parties' plea agreement, Andrews's counsel was ineffective for failing to object. *See Macke*, 933 N.W.2d at 236. In that event, we presume prejudice. *Id.* His remedy is for the prosecutor to honor the agreement at resentencing before a different judge. *See id.* But "[o]ur threshold question is whether the record in this direct appeal is sufficient to resolve that question."[1] *Id.*

This record is inadequate to decide counsel's effectiveness. The parties filed their original plea agreement in June 2018. Andrews agreed to plead guilty to possession of a firearm by a domestic abuse offender in violation of Iowa Code section 724.26(2)(a) (2018). The agreement contemplated both parties would recommend a suspended five-year sentence and two years of probation. The State agreed to dismiss all remaining counts. The parties also agreed to Andrews's "release with supervision pending plea, sentencing." The court accepted the guilty plea on July 2, 2018. The next day, police again arrested Andrews for driving while barred. One week later, police arrested him for eluding, interference with official acts, and other traffic offenses. In mid-July, the State moved to revoke Andrews's bond because he faced those new charges.

In August 2018, Andrews appeared for sentencing on the firearm possession count. The county attorney explained that Andrews pleaded guilty to

---

[1] Under the version of Iowa Code section 814.7 in effect before July 1, 2019, when Andrews's appeal was still pending, a defendant may raise an ineffective-assistance-of-counsel claim on direct appeal. *See State v. Trane*, ___ N.W.2d ___, ___, 2019 WL 5089721, at *15 (Iowa Oct. 11, 2019). We may find the record is adequate to decide the claim or we may choose to preserve it for determination under chapter 822. *Id.*

the new driving-while-barred charge the week before in front of a different judge. The State told the sentencing court:

> [W]e originally had a plea agreement with the defendant. . . . That was for probation with an entirely suspended sentence. However, he picked up a driving while barred charge while out on release, so we amended the plea agreement in this case to have him have probation with the requirement that he attend the Residential correctional facility.

The court responded: "I'm not interested in that." The State added: "That's the amended plea agreement and that's what he was ordered to do in the AGCR file as well, Your Honor."

In its sentencing recommendation, the defense did not mention an amended plea agreement. Defense counsel acknowledged the presentence investigation recommended incarceration, but counsel argued for probation and placement at the residential correctional facility for the firearm offense. The parties told the court residential placement was the sentence Andrews received on the new driving-while-barred aggravated-misdemeanor offense.[2] The district court opted to send Andrews to prison on this felony offense—for an "indeterminate term not to exceed five years."

On appeal, Andrews contends his guilty plea "was not contingent on not being charged with additional crimes." He alleges his trial attorney was remiss in not objecting to the State's "invalidation" of the previous plea agreement based on the new charges. The State gives a different view. It contends "circumstances changed" when Andrews committed new offenses. And "[a]s part of that global

---

[2] Our appellate record does not include the plea and sentencing hearing or any district court filings involving the new offenses.

plea agreement, the parties amended the recommendation for the firearm offense so he would receive the same disposition of probation at the residential facility."

We cannot discern from this record who is right. On one hand, Andrews accurately highlights that the plea agreement has no clause allowing the State to withdraw the offer if the defendant collected new charges before sentencing.[3] *See State v. Weig*, 285 N.W.2d 19, 21 (Iowa 1979) (finding defendant's legal violation between plea and sentencing did not relieve the State of its duty to perform because the State did not impose any such obligation in the plea agreement).

But on the other hand, when the prosecutor asserted at sentencing the parties had entered an amended plea agreement, defense counsel did not correct the record. And the defense changed its own recommendation from the original agreement—from straight-up probation to residential placement. It is possible defense counsel negotiated a "global plea agreement" for Andrews that incorporated the new charges. But the details of any such amended agreement do not appear in the record before us.

This case differs from *Macke*, where the supreme court found the record adequate to find defense counsel ineffective. 933 N.W.2d at 237 ("We are unwilling to assume the plea agreement was later modified or waived off the record."). By contrast, here, we have an affirmative statement by the prosecutor on the record that the parties modified their original agreement. But because neither Andrews nor his attorney squarely endorsed the prosecutor's statement, we cannot resolve the claim of ineffective-assistance-of-counsel on direct appeal.

---

[3] The State points out the order granting Andrews pretrial release directed him to "obey all Federal, State, and local laws," but this order was not part of either plea agreement.

We affirm Andrews's conviction and sentence for illegal possession of a firearm.[4]  Andrews may pursue his claim of ineffective-assistance-of-counsel in a future postconviction-relief action.

**AFFIRMED.**

---

[4] In his partial dissent in *Macke*, Justice Mansfield suggests the correct disposition would be to reverse the conviction and sentence and remand for the court to conduct a hearing to determine whether a joint agreement existed.  933 N.W.2d at 238 (Mansfield, J., dissenting in part).  But *Bearse* contemplates the possibility of affirming and preserving for postconviction-relief proceedings. 748 N.W.2d at 214; *See also State v. Horness*, 600 N.W.2dm 294, 297 (Iowa 1999) (same).  We thus take that route here, as we have done on previous occasions.  *See, e.g.*, *State v. Pappas*, No. 12-0974, 2013 WL 750459, at *6 (Iowa Ct. App. Feb. 27, 2013);  *State v. Hursey*, No. 07-0455,  2007 WL 4322528, at *2 (Iowa Ct. App. Dec. 12, 2007).