**STATE of Iowa, Appellant,**

v.

**Orville EDWARDS III, Appellee.**

No. 61821.

Supreme Court of Iowa.

May 30, 1979.

Thomas J. Miller, Atty. Gen., Kermit L. Dunahoo, Asst. Atty. Gen. and Peter W. Berger, Asst. Polk County Atty., Des Moines, for appellant.

John C. Wellman, Polk County Offender Advocate Office, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, ALLBEE and LARSON, JJ.

REYNOLDSON, Chief Justice.

The State appeals from dismissal of a felony charge as remedy for repudiation of a plea arrangement. We reverse and remand.

September 14, 1977, the State filed a preliminary information charging defendant Orville Edwards III with assault with intent to inflict great bodily injury, a violation of section 694.6, The Code 1977. December 6, following plea negotiations, an assistant county attorney agreed to dismiss the felony charge in return for a guilty plea to an assault and battery charge. After the latter charge was filed, defendant appeared by counsel for arraignment purposes and was released on his own recognizance. Further proceedings were scheduled.

December 8, defense counsel told the assistant county attorney that defendant would appear on December 14 to enter a plea of guilty to the assault and battery charge. December 12, before the plea was entered, another assistant told defense counsel the State was not going to honor the arrangement. The only explanation given was that still another assistant had decided to file a county attorney's information on the original felony charge.

Defendant pled not guilty to the charge of assault with intent to inflict great bodily injury. He then moved to dismiss it, alleging: "[T]he breach of this good faith agreement by the State constitutes a denial of . . . due process . . . [and] an intolerable violation of our time-honored norm of fair play." Resisting, the State asserted defendant had not yet pled guilty to the reduced charge and had not been prejudiced by repudiation of the contemplated plan. Trial court sustained defendant's motion and dismissed the felony charge. The State appeals.

Our first concern, treated in division I, is whether the State may bring this appeal as a matter of right. In division II we address the question whether district court erred in sustaining the motion to dismiss.

I. We have examined these proceedings in light of the rule most recently applied in *State v. Whitehead,* 277 N.W.2d 887 (Iowa 1979), to determine whether the State may pursue this appeal as a matter of right. *See* §§ 793.1, 793.9, The Code 1977. We find in the circumstances of this case where defendant has not been placed in jeopardy the State does have the right to appeal, and, if successful, to continue prosecution under the information. *See State v. Lekin,* 271 N.W.2d 697, 699–700 (Iowa 1978); *State v. Herkleman,* 251 N.W.2d 214, 215 (Iowa 1977); *State v. Buckley,* 232 N.W.2d 266, 268–71 (Iowa 1975); § 795.5, The Code 1977; Iowa R.Crim.P. 27(1).

II. We thus reach the question whether district court erred in sustaining defendant's motion to dismiss the felony charge.

In ruling on this motion to dismiss, trial court possesses the same limited discretion it exercises when ruling on a motion to dismiss for failure to provide a speedy trial under section 795.2, The Code 1977, now Iowa R.Crim.P. 27(2)(b). *See State v. LaPlant,* 244 N.W.2d 240, 242 (Iowa 1976). Our review of trial court's ruling is not de novo. *See State v. Brandt,* 253 N.W.2d 253, 256 (Iowa 1977). To secure a reversal the State must show trial court abused its limited discretion. *See State v. Donnell,* 239 N.W.2d 575, 579 (Iowa 1976).

However, we do not defer to trial court in the matter of applicable law. *See Dunphy v. City Council,* 256 N.W.2d 913, 917 (Iowa 1977). And in reviewing rulings on speedy trial motions, we will reverse a finding of good cause when there is no reasonable basis for it in the record. On the other hand, when good cause is established as a matter of law, we will reverse a trial court finding that it was not shown. *See State v. Albertsen,* 228 N.W.2d 94, 98 (Iowa 1975). The same basic approach applies here.

In the case before us the operative facts were all alleged in defendant's motion and admitted by the State. No other record was made. Neither party claims the facts generate significant inferences which should control the ruling.

The landmark case in this area is *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). A prosecutor promised to make no sentence recommendation in return for defendant's guilty plea to a lesser included offense. Following defendant's guilty plea, another prosecutor unknowingly breached the agreement by recommending the maximum sentence. Although trial court expressly disclaimed any reliance upon that recommendation in imposing maximum imprisonment, the *Santobello* Court reversed:

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. *See* P. Westen & D. Westin, *Constitutional Law of Remedies For Broken Plea Bargains*, 66 Calif.L.Rev. 471, 473–76 (1978).

Narrowing our focus, this court in *State v. Kuchenreuther*, 218 N.W.2d 621 (Iowa 1974), reversed a conviction following the State's breach of a written agreement in which the prosecution agreed to prosecute the defendant on a misdemeanor only, and defendant agreed to provide information regarding other crimes, to testify concerning criminal activities, and to make restitution. After defendant had made restitution and cooperated as agreed, he was denied an opportunity to plead to a misdemeanor. He was charged and convicted of larceny in the nighttime. We held this to be "nothing less than an intolerable violation of our time-honored fair play norm, and accepted professional standards." 218 N.W.2d at 624.

Decisions from other jurisdictions reflect the applications of a rule which may be drawn from *Santobello* and *Kuchenreuther:* The State may withdraw from a plea bargain at any time prior to, but not after, actual entry of the guilty plea by defendant or other action by defendant constituting detrimental reliance upon the arrangement. *Shields v. State*, 374 A.2d 816, 818–20 (Del.1977); *see State v. Brockman*, 277 Md. 687, 357 A.2d 376 (1976); *Wynn v. State*, 22 Md.App. 165, 322 A.2d 564 (1974); *People v. Heiler*, 79 Mich.App. 714, 262 N.W.2d 890 (1977); *State ex rel. Gray v. McClure*, 242 S.E.2d 704 (W.Va.1978).

The rationale behind these decisions was articulated well in *Heiler:*

> Although we do not condone the conduct of the prosecutor's office in this case, neither do we think it proper, in the absence of a finding of abuse of prosecutorial discretion and resultant prejudice to defendant, for the trial judge to undertake to impose upon the prosecutor an agreement with terms he believes to be unwise. Such agreements are not binding upon the prosecutor, in the absence of prejudice to a defendant resulting from reliance thereon, until they receive judicial sanction, anymore than they are binding upon defendants (who are always free to withdraw from plea agreements prior to entry of their guilty plea regardless of any prejudice to the prosecution that may result from a breach). To hold the prosecutor bound by the agreement under the circumstances outlined above would, we believe, actually inhibit the dispositional use of plea bargaining by placing the prosecutor at an absolute disadvantage. This, too, violates our fundamental sense of fair play. Absent any showing or allegation of prejudice to the defense resulting from the prosecutor's breach of faith, we decline to permit judicial intrusion upon the function of his office.

79 Mich.App. at 721–22, 262 N.W.2d at 895.

In adopting the above rule, we have not ignored *Cooper v. United States*, 594 F.2d 12 (4th Cir. 1979). *Cooper* holds fifth amendment guarantees of substantive due process and sixth amendment guarantees of effective assistance of counsel require that a government plea bargain proposal be fulfilled if within a reasonable time defendant's assent is communicated, unless extenuating circumstances affecting the propriety of the proposal, unknown and not reasonably discoverable when the proposal was made, have supervened or become known. Although the *Cooper* court may have identified correctly a due process right to specific performance of a plea bargain—a ground not identified by the majority in *Santobello* —we do not believe *Santobello* may logical-

ly be extended to control a situation in which defendant has neither pled guilty nor detrimentally relied on a plea arrangement. We decline to follow *Cooper.*

At the same time, we do not condone hasty plea proposals or casual withdrawals after they are advanced. *See Wynn,* 22 Md.App. at 173, 322 A.2d at 568. In this jurisdiction the justice system routinely operates on counsel's oral promises based upon thoughtful reflection and a pride in performing professional representations. A prosecutor or defense counsel who makes unauthorized offers or reneges on representations made limits his or her professional effectiveness and adversely impacts judicial proceedings. *See generally ABA Standards Relating to the Prosecution Function* §§ 4.1–.3 (Approved Draft 1971).

■ Our examination of this record discloses defendant neither pled guilty nor detrimentally relied on the State's proposal. The motion to dismiss and the resistance simply show the arrangement was made, both the assistant county attorney who made the arrangement and defense counsel believed it would be consummated, and the understanding was repudiated by others in the county attorney's office. We find no valid legal basis in this record to support trial court's dismissal ruling. *See Albertsen,* 228 N.W.2d at 98. We therefore reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.