STATE of Iowa, Appellee,

v.

Mark Allen PARKEY, Appellant.

No. 90–442.

Court of Appeals of Iowa.

April 23, 1991.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., James A. Smith, County Atty., and Nan Horvat and Catherine Thune, Asst. County Attys., for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HABHAB, JJ.

DONIELSON, Presiding Judge.

On June 10, 1989, Don Cook was serving as the doorman at a bar and was taking the admission fees of bar patrons. He was keeping the money he collected in the pocket of his T-shirt. Cook was approached by the defendant, Mark Parkey, who requested change for two twenty-dollar bills. Cook checked the money in his shirt pocket and reported to Parkey that he was unable to make the change. A shoving match or altercation ensued. Cook alleges that Parkey tried to grab the money in his shirt pocket; Parkey denies this. The altercation ended when several persons wrestled defendant face-down (on the sidewalk outside the bar) and the police arrived.

On the basis of these events, Parkey was charged with robbery in the second degree. Following a bench trial, he was convicted of that charge. He has appealed.

Parkey challenges the sufficiency of the evidence to support the conviction. Parkey also contends the district court should have dismissed the charge against him due to the State's failure to honor an agreement. We now affirm.

I. *Sufficiency of the Evidence.* Parkey argues the evidence did not establish that he had any intent to steal the money in Cook's shirt pocket; he asserts the evidence showed only that he asked for change, became involved in an unpleasant verbal exchange, and then was attacked by Cook and others. In addition, Parkey argues that in light of his own intoxication at the time, the evidence did not establish that he was even capable of forming the specific intent to commit a theft.

In jury-waived cases, the court's findings of fact have the effect of a special verdict. Iowa R.App. 4. Our standard of review is well settled. A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980).

Here, the doorman testified defendant grabbed directly for his T-shirt pocket filled with cash. The pocket was ripped as defendant pulled the money towards himself. Two disinterested bystanders also testified that defendant grabbed directly for the doorman's T-shirt pocket and that as defendant pulled his hand away, he had a fist-full of cash. Their testimony indicates that as the struggle between the doorman and defendant ensued, money began to fly around the area. These three witnesses all testified how difficult it was to subdue defendant.

While defendant and two of his friends testified that defendant was drinking great quantities of beer before this incident, none of the State's witnesses smelled alcohol on defendant's breath. The arresting officer walked with defendant for approximately one block following the arrest. This officer detected no odor of alcohol on defendant's breath. He also testified that defendant had no difficulty walk-

ing to the patrol car and showed no signs of being intoxicated.

 Defendant contends many of the State's witnesses lacked credibility and their testimony should be ignored. Factual disputes which depend heavily on the credibility of witnesses are best resolved by the trial court, which has a better opportunity to evaluate credibility than do we. *See Maisel v. Gelhaus*, 416 N.W.2d 81, 86 (Iowa App.1987).

We conclude substantial evidence supports the trial court's findings that defendant was well aware of his actions at the time of the incident and that defendant intended to steal the money in Don Cook's T-shirt pocket.

II. *State's Refusal to Dismiss the Charge.* Parkey asserts the prosecution initially assured his attorney that the second-degree robbery charge would be dismissed but later declined to follow through with the dismissal. He argues he is entitled to specific performance of the alleged dismissal agreement; he asserts he suffered prejudice in the form of a delayed trial and an impaired opportunity for trial preparation.

 In order for defendant to prevail on this claim, Parkey must show that the district court abused its limited discretion. *State v. Edwards*, 279 N.W.2d 9, 10 (Iowa 1979); *see also State v. Lummus*, 449 N.W.2d 95 (Iowa App.1989) for a general overview of claims of breach of a plea agreement. An abuse of discretion will be found if there is no reasonable basis in the record to support the district court's decision. *Edwards*, 279 N.W.2d at 10. Absent a showing of detrimental reliance upon the arrangement, dismissal is not warranted. *Cf. id.* at 11.

 The district court found that Parkey had presented no evidence, other than Parkey's bald statement, of detrimental reliance. Because Parkey failed to establish that he had detrimentally relied on the State's intention to dismiss the case, the trial court denied Parkey's motion for specific performance. Even assuming an agreement existed between the State and

the defense, this court agrees with the district court that Parkey has failed to establish detrimental reliance. The district court did not abuse its discretion in denying Parkey's motion to dismiss.

For the reasons stated, defendant's conviction is affirmed.

AFFIRMED.