STATE of Iowa, Appellee,

v.

Delorais A. MALONE, Appellant.

No. 92–1961.

Court of Appeals of Iowa.

Nov. 29, 1993.

Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen.; Amy M. Anderson, Asst. Atty. Gen.; William E. Davis, Scott County Atty., and Michael J. Walton, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and HABHAB, J., and KEEFE, Senior Judge.*

KEEFE, Senior Judge.

On June 26, 1992, defendant Delorais Malone was charged with the crime of possession with intent to deliver crack cocaine, in violation of Iowa Code section 204.401(1)(c) (1991), for an incident which occurred on May 29, 1992, in Scott County, Iowa. The crime charged is a class C felony.

On October 2, 1992, defendant appeared before the district court with her attorney, and a plea proceeding took place. A memoranda of a plea agreement was presented to the court before the plea, and an order confirming it was signed and filed after the plea.

The memoranda of the agreement provides for defendant's guilty plea and included a sentencing provision that the State would recommend against incarceration. It also provided special conditions which included the State's right to withdraw from the plea agreement if: (1) defendant had a more extensive criminal history than revealed in pleading; (2) defendant failed to cooperate with the preparation of a presentence investigation; (3) defendant failed to appear as required, or (4) defendant was arrested for any further offenses. The final paragraph of the agreement stated that the concurrence of the court to the agreement was not a condition to the acceptance of the plea.

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

During the colloquy between the judge and defendant, the following exchange took place:

THE COURT: Now, you decided to enter a plea of guilty today as a result of a plea agreement that you and the State have entered into. Is that right?

DEFENDANT: Yes.

THE COURT: You are going to plead guilty to the charge and the State is going to recommend against your incarceration.

In the plea proceeding the county attorney informed the court that defendant had cooperated with the local authorities in providing useful information to deal with the problem of cocaine in the area. She had also completed a drug evaluation prior to that time. Defendant's right to file a motion in arrest of judgment was explained to her under Iowa Rule of Criminal Procedure 23(3)(a). No such motion was filed by defendant. As part of her release, after the plea, she voluntarily entered a halfway house under a local program.

Thereafter, the court filed a written order which stated the court's concurrence with the plea was a part or condition of the plea agreement. Thus, the court accepted the plea and stated it would include in the judgment and sentence the disposition provided for in the plea agreement.

On November 4, 1992, defendant appeared for sentencing with her attorney. The proceeding was held by a different judge than the one who accepted her guilty plea. The court stated it was not bound by the plea agreement and could incarcerate the defendant if she violated the agreement. The defendant's attorney requested the right to withdraw the guilty plea if the court did not feel bound by the plea agreement. The court then stated:

THE COURT: Well, I realize that the plea agreement was accepted by the Court.

MR. WEINBERG: Yeah.

THE COURT: But I also read from the plea agreement that there is no specific sentence agreed upon in that plea agreement, if I'm reading it correctly. The— The one provision, of course, in the agreement was that the State would recommend against incarceration unless these other items occurred.

Then the county attorney stated that the defendant had violated the terms of the plea agreement by not cooperating with the presentence investigation and not completing a program ordered by the court. The court accepted the argument of the county attorney and sentenced defendant to incarceration as provided by law. The defendant again requested the court to allow her to withdraw her guilty plea. This was denied. Defendant now appeals.

Our standard of review is whether the court abused its discretion in denying the defendant's motion to withdraw her guilty plea. *See State v. Hinners*, 471 N.W.2d 841, 843 (Iowa 1991).

■ The first issue raised by the State is whether or not defendant preserved any defect in the plea agreement by failing to file a motion in arrest of judgment as required by the Iowa Rules of Criminal Procedure. It is clear that no such motion was filed.

The general rule is a defendant may not attack a defect in a plea proceeding on appeal unless it is first presented to the trial court by a motion in arrest of judgment filed no later than five days before the sentencing date. Iowa R.Crim.P. 23(3); *State v. Schoelerman*, 315 N.W.2d 67, 71 (Iowa 1982); *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980).

The problem with this argument is that the defendant had nothing to attack in the plea proceeding. The plea agreement was acceptable to her, even though it provided the sentencing court would not be bound by the agreement. A written order was entered stating that the court was bound unless she violated the agreement. This was to the defendant's advantage. No reason is shown why she should file a motion in arrest of judgment. The State's claims on this ground are denied.

■ The court now considers whether the sentencing judge abused his discretion by failing to permit the defendant to withdraw her guilty plea as requested.

In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the United States Supreme Court considered whether or not a State's failure to keep a commitment concerning a sentencing recommendation required a new proceeding. The Court pointed out that the plea bargain was an essential component of the administration of justice and was to be encouraged. *Id.* at 260, 92 S.Ct. at 497. The Court also stated that fairness played an important part in securing such an agreement between a prosecutor and an accused. *Id.* at 261, 92 S.Ct. at 498.

Starting in 1974, the Iowa Supreme Court has commented on this proposition. The court has stated that to allow a prosecutor to breach a plea agreement "would unduly undermine our system of justice." *State v. Kuchenreuther*, 218 N.W.2d 621, 623 (Iowa 1974). The court went on to state that such a breach "is nothing less than an intolerable violation of our time-honored fair play norm, and accepted professional standards." *Id.* at 624.

In 1979 in *State v. Edwards*, 279 N.W.2d 9, 11 (Iowa 1979), the Iowa Supreme Court accepted the fair-play norm of *Santobello* and *Kuchenreuther* but added a requirement that the defendant must show detrimental reliance on the agreement to his or her detriment. *See also State v. Strable*, 313 N.W.2d 497, 499 (Iowa 1981). Detrimental and prejudicial reliance are synonymous. *State v. Epps*, 316 N.W.2d 691, 694 (Iowa 1982).

In 1984 the United States Supreme Court decided *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). The Supreme Court there stated that constitutional due process does not attach until a guilty plea is entered. *Id.* at 507–508, 104 S.Ct. at 2546. An agreement alone is without constitutional significance. *Id.*

The Iowa Supreme Court noted the *Mabry* decision's consideration of a due-process analysis in *State v. Aschan*, 366 N.W.2d 912, 915 (Iowa 1985). In 1989 we concluded that the detrimental reliance test was still the appropriate standard in Iowa. *State v. Lummus*, 449 N.W.2d 95, 100 (Iowa App.1989). *See also State v. Parkey*, 471 N.W.2d 896, 898 (Iowa App.1991). The crucial test of detriment or reliance is whether defendant has suffered harm from reliance on the plea bargain. *Epps*, 316 N.W.2d at 694; *Lummus*, 449 N.W.2d at 100. The Iowa Supreme Court has shown its disapproval of prosecutors who withdraw from plea agreements. *Lummus*, 449 N.W.2d at 100.

This case differs from many of the above-cited cases because the original plea agreement contains special conditions for the defendant. Her criminal record was not raised as an issue. She never failed to appear in court as required. She was not again arrested. Thus, the only ground which may be raised is her failure to cooperate in the preparation of the presentence investigation.

The record is clear that she did meet with the investigator one time. Later, the investigator was unable to find her, but there is nothing in the record to show she knew she had further meetings to attend.

There is also an allegation that defendant failed to complete the halfway house program. This allegation was used in the presentence investigation to support a recommendation of incarceration. The record shows that defendant entered the halfway house voluntarily. In fact, the program would only take voluntary participants.

We find that the plea agreement entered into in this case was an integral part of the guilty plea. The record does not support any violations of the special conditions. We determine the district court abused its discretion in not allowing the defendant to withdraw her guilty plea after the sentencing judge refused to accept the plea agreement. The defendant's reliance on the plea agreement was to her detriment when she received a sentence of incarceration instead of probation.

The trial court sentence and judgment is reversed, and this matter is remanded to the trial court for further proceedings in accordance with this decision.

**REVERSED AND REMANDED.**

DONIELSON, J., takes no part.