STATE of Iowa, Appellant,

v.

Ruthann D. HARTLEY and Jeffrey
E. Hartley, Appellees.

No. 95–205.

Supreme Court of Iowa.

June 19, 1996.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, and Fred H. McCaw, County Attorney, for appellant.

Ruthann D. Hartley and Jeffrey E. Hartley, Dubuque, pro se.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

Jeffrey and Ruthann Hartley were arrested in their home on December 16, 1994, and charged with domestic abuse. *See* Iowa Code § 708.2A(2)(b) (1993). The next day the court found probable cause for the defendants' arrest but dismissed the complaints "for lack of a prosecution witness." On the State's application for reinstatement of the charges, the court, in two separate orders, reaffirmed its previous dismissal. We granted the State's application for discretionary review and transferred the case to the court of appeals, which affirmed on a divided vote. We now vacate the court of appeals decision, reverse the judgment of the district court, and remand for further proceedings.

The court's first order, entered on the day of the defendants' initial appearance, stated:

Neither party desires to pursue these matters against the other and neither claims any assault upon them. Neither has ever been in trouble with the law. The court, while finding probable cause for the arrest, now dismisses the cases for lack of a prosecution witness.

The State filed an application for reinstatement of the charges, raising two issues: (1) the court's failure to give notice to the State

of the court's intent to dismiss the cases, and (2) the court's premature ruling that the State did not have sufficient evidence to prove the charges. *See* Iowa Code § 708.2A(2)(b) (domestic abuse requires bodily injury or disabling mental illness).

Immediately on the filing of the State's motion to reinstate the charges, the court, without notice or hearing, entered its second order. It stated that the court's action was taken during "morning court" on a Saturday, that the county attorney's office was on notice that preliminary appearances were set for that date, and that the county attorney elected not to attend. The court further stated that this was a "you had to be there to fully understand" situation.

The court speculated that if the county attorney's office had been represented the court "ha[d] no doubt they would, in fact, not only not [have] resisted but probably consented and encouraged the court's action."

The court, in this second order, modified its original dismissal order to state that the dismissal was in the interest of justice under Iowa Rule of Criminal Procedure 27.1. It stated that

[t]o act otherwise under the situation as was then presented to the court would be to move one of two parents out of a home where there are numerous children and to see both charged with a domestic abuse where, in fact, it would serve no community purpose nor function within the scope of their marriage, would only be detrimental to the family situation, would be unjust, would deprive the children of an appropriate Christmas, and would all evolve in a case that, in the court's judgment, could not stand the test of trial or perhaps even earlier tests. Even the law enforcement officers in attendance voluntarily commented affirmatively on the court's action in this matter.

However, the court stated that it would give the county attorney an opportunity to be heard on the application to reinstate the cases and set the matter for hearing on January 23, 1994.

Following a hearing, the district court entered its third order, which restated the court's position that the assistant county attorney had voluntarily elected not to be present at the initial appearance. The court further stated that a dismissal under rule 27.1 barred another prosecution, so even if the court were to reinstate the cases, they would be subject to dismissal on that ground.

Iowa Rule of Criminal Procedure 27.1 provides:

**Dismissal generally; effect.** The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution the reasons therefor being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

■ We ordinarily review a district court's dismissal of a case under rule 27.1 for abuse of discretion, *State v. Knox,* 464 N.W.2d 445, 446 (Iowa 1990); *State v. Brumage,* 435 N.W.2d 337, 341 (Iowa 1989), and we give the district court the deference warranted by its superior position to make a ruling in accord with the demands of justice. *See State v. Lundeen,* 297 N.W.2d 232, 235 (Iowa App.1980). We will not find an abuse of discretion unless the discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable. *Knox,* 464 N.W.2d at 446; *Brumage,* 435 N.W.2d at 341. Although a dismissal under rule 27.1 will be upheld in the absence of a showing an abuse of discretion, the district court does not have discretion on questions of law underlying the dismissal. *State v. Edwards,* 279 N.W.2d 9, 10 (Iowa 1979).

■ We conclude that the first two orders, which were entered without any notice to the county attorney's office, are invalid. Although rule 27 does not specifically require notice to the State of an intent to dismiss, we have judicially imposed such a requirement. *See Brumage,* 435 N.W.2d at 340.

■ As to the third order, there is no evidence to support the court's conclusion

that the county attorney had voluntarily elected not to be present at the initial appearance. Prior to the hearing, the assistant county attorney furnished affidavits stating, in substance, that she was on call for the weekend of these defendants' appearances. She stated that court was scheduled for 8 a.m., and approximately one-half hour before that time, she called the Dubuque Law Enforcement Center to see whether they had any persons in custody for initial appearances. She spoke with Judge Curnan, who advised her that she did not have to come in for any of the initial appearances but could do so if she wanted. The affidavit further stated that she understood that the court would merely make a determination of probable cause and set the conditions and terms of the defendants' bonds. This affidavit was not rebutted.

The district court erred in its alternate conclusion in the third order that, even if the court found the county attorney had not waived his right to be present, the cases could not be tried. We have held that an erroneous dismissal prior to a defendant's being placed in jeopardy does not prevent future prosecution. *State v. Perry,* 440 N.W.2d 389, 392 (Iowa 1989); *Edwards,* 279 N.W.2d at 10.

For these reasons, we vacate the court of appeals decision, reverse the judgment of the district court, and remand for further proceedings.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**