**IN THE COURT OF APPEALS OF IOWA**

No. 16-0149
Filed March 8, 2017

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**HUBERT TODD JR.,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

 Hubert Todd Jr. appeals his conviction for domestic abuse assault, second or subsequence offense. **AFFIRMED.**

 Judy L. Freking of Judy L. Freking, P.C., Le Mars, for appellant.

 Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

 Considered by Mullins, P.J., Bower, J., and Goodhue, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Hubert Todd Jr. appeals from the trial court's refusal to grant his request to have his plea of guilty to a second offense of domestic abuse assault set aside and to modify the no-contact order entered with the sentence.

## I. Facts and Proceedings

Todd signed a plea of guilty on December 21, 2015, to a charge of second offense domestic abuse assault alleged to have been committed against his wife, Lola, on March 7, 2015.

At the time the criminal charge was filed, an order was entered restricting Todd from any and all type of contact with his wife. Several attempts were made by Todd and Lola to have the no-contact order cancelled or amended. Although modifications were granted to permit exceptions for various reasons, such as attendance at a funeral, the basic no-contact order remained in place.

A written plea agreement was signed by Todd on December 21, 2015. Judgment and sentence was entered pursuant to the plea of guilty on December 22, 2015. The sentence extended the no-contact order for another five years. The plea agreement specifically stated the sentence was to include a "no contact order extended for five years." Todd asserts that he was not aware that the five-year no-contact order was a part of the plea agreement, and on December 30, he filed a motion to withdraw the plea of guilty. On January 3, 2016, his motion was denied.

The written plea agreement also expressly set out Todd's right to file a motion in arrest of judgment and that a failure to file such a motion at least five days before sentencing was a waiver of the right to challenge the plea. The plea

agreement further stated that Todd waived his right to file a motion in arrest of judgment and requested that he be sentenced immediately on acceptance of the plea agreement.

On December 22, immediately after the sentencing order was signed, Lola filed an application to modify the no-contact order, asserting that she was not in fear of further assault or injury from Todd and that she wanted to be able to visit him and talk to him on the telephone. On December 29, the no-contact order was modified to allow telephone or written contact between the parties while Todd was in prison.

On January 6, 2016, Todd filed a pro se application requesting the no-contact order be eliminated from the sentencing order. He basically expressed his belief that the plea agreement that he had signed on December 21 did not include the extension of the no-contact order as entered and that it was later added by someone else. On January 7, the application was denied.

Todd appeals, contending the trial court erred in not granting his motion to have his plea of guilty withdrawn and, alternatively, that his counsel was ineffective for either adding to the plea agreement without Todd's knowledge or not correctly advising him of its contents. Todd's brief also addresses the district court's refusal to lift the no-contact order, but Todd's notice of appeal did not include the court's order denying his application to have the no-contact order cancelled or modified.

## II. Mootness

The no-contact order was cancelled by a court order entered July 16, 2016. The State filed a motion to dismiss on the basis that Todd's claims are

now moot. The State's motion to dismiss was not ruled on but was left to be briefed and determined as a part of this appeal.

A case is moot if it no longer presents a justiciable issue if, because of changed circumstances, the court's ruling would have no effect in regard to the underlying controversy. *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015). Even if Todd had included the no-contact order in his notice of appeal of the court's refusal to cancel the no-contact order, it has now been cancelled, and this court's consideration and resolution of the issue would have no effect. The trial court's initial refusal to modify or cancel the no-contact order is now moot.

The trial court's denial of Todd's motion to withdraw his plea of guilty has different ramifications. Todd's attack on the plea of guilty appears to be predicated on the extension of the no-contact order, but the conviction has greater affect than the extension of the no-contact order. If the motion had been granted, Todd would have been entitled to a new trial and may possibly have been found not guilty. Although the no-contact order issue has been resolved and Todd may have served his sentence, a plea of not guilty would have significant effect. Fines and court costs are involved. Possible subsequent charges could be enhanced. A conviction could affect future employment opportunities.

In determining mootness or whether a claim is purely academic, the broad effect of the consequences of the issue are to be considered. *See In re E.C.G*, 345 N.W.2d 138, 141 (Iowa 1984) (wherein the right to select a personal representative in an estate of a deceased child and the right to consider where the child was to be buried were considered in determining that a termination of

parental rights proceeding was not moot because of the death of the child). We conclude the issue of the withdrawal of the plea of guilty is not moot.

### III. Denial of Motion to Withdraw Plea Generally

*a. Preservation of Error*

A guilty plea waives all defenses and objections and must generally be attacked by filing a motion in arrest of judgment. *State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000). Waiver of the right to file a motion in arrest of judgment generally constitutes a waiver of the right to appeal. *Id.*

An exception exists if the sentence does not conform to the plea agreement. *State v. Malone*, 511 N.W.2d 423, 424 (Iowa 1993). In such a case, the defendant has nothing to attack in the plea proceeding. *Id.* It is the sentence itself that constitutes the claimed error.

*b. Standard of Review*

The standard of review in considering the denial of a defendant's motion to withdraw a guilty plea is for an abuse of discretion. *State v. Speed*, 573 N.W.2d 594, 596 (1998).

*c. Discussion*

The trial court could not see any deviation between the plea agreement and the sentence entered, and neither can we. The court did not abuse its discretion based on the record before it. No proof of an altered plea agreement was offered except Todd's unsupported assertion the extension of the no-contact order had been added to the written plea agreement after he had signed it.

## IV. Ineffective Assistance of Counsel

### a. Error Preservation

The claim of ineffective assistance of counsel is not subject to the usual rules applicable to error preservation. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

### b. Standard of Review

Ineffective assistance of counsel will not be determined on direct appeal unless there is an adequate record to support it, but instead will be preserved for postconviction relief. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

### c. Discussion

Todd, in his brief, implies his counsel added matters to his plea agreement after he had signed it or failed to advise him of its contents. "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *Id.* To the extent that Todd claims his plea of guilty was the result of ineffective assistance of counsel, his claim is preserved for postconviction relief. The present record is inadequate to make such a determination.

## V. Constitutional Issue

Todd attempts to raise constitutional issues attacking the no-contact order coupled with the entry of the sentencing order. The constitutional issues do not appear to have been raised before the trial court. Issues not raised before the trial court, including constitutional issues, cannot be raised for the first time on appeal. *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) (citing *State v. Wages*, 483 N.W.2d 325, 326 (Iowa 1992)).

**AFFIRMED.**